UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

FELIX RODRIGUEZ VALERO,

          Petitioner,

v.

UNKNOWN PARTY,

          Respondent.

_____/

Case No. 1:26-cv-1683

Honorable Robert J. Jonker

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (*Id.*, PageID.7.)

In an order entered on June 1, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on June 4, 2026, (ECF No. 5.) After reviewing the parties' submissions, the Court concludes that the petition is properly dismissed without prejudice because Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c).

## Discussion

Petitioner is a native and citizen of Cuba. (Notice to Appear, ECF No. 5-2, PageID.30.) Petitioner entered the United States in 2019 and has remained in the United States since that time.

(*Id.*) On July 29, 2025, ICE took Petitioner into custody at the "Kleberg County Jail." (2025 Form I-213, ECF No. 5-1, PageID.28; *see* Form I-200, Warrant for Arrest of Alien, ECF No. 5-4, PageID.36.) On June 22, 2025, prior to ICE taking Petitioner into custody, Petitioner "was arrested for the crime of 'Burglary' which is still pending." (2025 Form I-213, ECF No. 5-1, PageID.27.)

Respondents argue that Petitioner is subject to mandatory detention under § 1226(c) because he was charged with the crime of burglary. (Resp., ECF No. 5, PageID.15, 16). Section 1226(c)(1)(E) provides, in relevant part, that "[t]he Attorney General shall take into custody any alien who . . . is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense . . . ." 8 U.S.C. § 1226(c)(1)(E).  Unlike § 1226(a), which allows for release on bond, § 1226(c) stipulates that release from detention is available "only if the [noncitizen] is released for witness-protection purposes." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (internal quotation marks and citations omitted).

Here, Petitioner does not contest Respondents' claim that he was arrested for burglary, and there is nothing in the record to call that claim into question.[1]  Therefore, based on the record before the Court, it appears that Petitioner is subject to mandatory detention under § 1226(c), and that he is thus not entitled to a bond hearing before an immigration judge.  Therefore, the Court will dismiss the petition without prejudice.

---

[1] If Petitioner believes that his detention does not fall within the scope of § 1226(c), he may request what is known as a "Joseph hearing." *See Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999).  At such a hearing, he would have the opportunity to "avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the [Government] is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *Jennings v. Rodriguez*, 583 U.S. 281, 289 n.1 (2018) (quoting *Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003)).  To receive a *Joseph* hearing, Petitioner must request one from an immigration judge.  *See* 8 C.F.R. § 1003.19(a).  The Court takes no position on whether Petitioner is, in fact, entitled to a *Joseph* hearing.

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing the petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:   July 6, 2026                          /s/ Robert J. Jonker
                                                Robert J. Jonker
                                                United States District Judge